UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

MITCHEL DWAYNE GROTCH,

                Plaintiff,

-against-

US DEPARTMENT OF STATE, BELLEVUE MEDICAL
CENTER, INTERFAITH MEDICAL CENTER, AMTRAK
POLICE, and N.Y.C. EMERGENCY MEDICAL
SERVICE,

                Defendants.

------------------------------------------------------------- X

12-CV-5746 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND
ORDER

ROSS, United States District Judge:

Petitioner Mitchel Dwayne Grotch ("petitioner") filed a pro se complaint on November 15, 2012, Dkt. #1, which this court liberally construed as a habeas petition pursuant to 28 U.S.C. § 2241, see Dkt. #10. On December 19, 2012, respondent Interfaith Medical Center ("IMC") informed the court that petitioner was scheduled to be discharged that day, see Dkt. #11, and on December 21, 2012, IMC provided verification that petitioner had, in fact, been discharged, see Dkt. #16.

While release from physical custody does not, by itself, serve to render moot a habeas petition filed while the petitioner is in custody, Carafas v. LaVallee, 391 U.S. 234, 238-39 (1968), a petitioner's release can render the petition moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). In the context of a challenge to alleged wrongful termination of parole, the Supreme Court has held, "Once the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must

exist if the suit is to be maintained." Id. The Court has "presume[d] that a wrongful criminal conviction has continuing collateral consequences." Id. at 8.

Here, there was no underlying criminal conviction for petitioner to challenge, so the court need not presume any collateral consequences. Id. at 13-14. Even so, it does not appear that petitioner would face any continuing collateral consequences as a result of his involuntary commitment. The only "consequence" petitioner faces is outpatient care, but IMC's discharge papers indicate that petitioner has expressed agreement with participating in such outpatient care following his discharge. Dkt. #16-1, at 1. Therefore, as there is no ongoing case or controversy, the petition is denied as moot.

For the foregoing reasons, the petition is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. In addition, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and to close the case. IMC is directed to forward a copy of this order to petitioner's home address.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated:   December 21, 2012
         Brooklyn, New York

**Service List**:

Mitchell Dwayne Grotch
Interfaith Medical Center
1545 Atlantic Ave.
9th Floor, West
Brooklyn, NY 11213